UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMERRA WASHINGTON,

                Petitioner,                           Civil No. 2:14-cv-12910
                                                        Hon. George Caram Steeh

      v.

MILLICENT WARREN,

                Respondent.

_____/

OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

This is a habeas corpus proceeding filed by petitioner Tamerra Washington. Petitioner was convicted after a jury trial in the Wayne Circuit Court of assault with intent to commit armed robbery, MICH. COMP. LAWS § 750.89, and armed robbery, MICH. COMP. LAWS § 750.529. The trial court sentenced petitioner as a fourth-time habitual felony offender to concurrent terms of 32-to-50 years imprisonment.

The petition raises two claims: 1) insufficient evidence was presented at petitioner's trial to sustain her convictions, and 2) petitioner's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments. The petition will be denied because Petitioner's claims are without merit. Petitioner will also be denied a certificate of appealability.

**I. Background**

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

On April 10, 2010, defendant gave Sarah Turner, a "professional" gambler, $400 worth of casino chips to gamble. Turner played two hands of blackjack, but "busted" both hands and lost defendant's $400. On April 13, 2010, defendant and her girlfriend, Destiny, came to the home Turner shared with her girlfriend, Suronda Hall. Defendant said, "I'm a bounty hunter. I get what I want." Defendant and Turner exchanged words, and defendant threatened to kill Turner if she did not return the $400. They argued for approximately five minutes, but defendant and Destiny left after a neighbor and her children came outside. Later that same day, Turner went to Greektown Casino. After about 30 to 45 minutes, defendant came in and tapped Turner on the shoulder and said, "You winning our money back?" Again, they argued for about five minutes until the casino supervisor spoke with Turner.

Turner was back at home at approximately 11:30 or midnight when she heard a lot of noise coming from her front porch area. Defendant was on her front steps. Suronda Hall was in between the front and screen doors. Defendant said, "I came to get my money" or "I came to get my mother-f* * * * * * money."At this point, Henry Harrison ran up with a gun, which he pointed at Turner. Defendant ran up the stairs and charged at Turner. She started punching Turner in the chest and kicking her in the head, face, and side. Harrison was holding the gun to Turner's head. Harrison then pointed the gun at Hall and snatched a chain off of Hall's neck and took $50 out of Hall's pockets. Harrison again turned the gun on Turner, saying, "I'm fixin' to kill her now" or "I'm fixin' to kill this b* * * *." Defendant said, "Naw, bro, don't kill her now. I'm going to give her one more chance to get my money."Then Harrison and defendant left.

Over the next three days, defendant drove by Turner's house repeatedly. On April 20, 2010, Turner was driving with Hall on I–94 in Detroit. They got off at Conner to go to Wayne County Community College. Turner saw defendant and Destiny driving the other way. Defendant turned around and followed Turner and then came up next to her at a stop light. Defendant pointed a gun at Turner. Turner thought it looked like the same gun used in the robbery. Defendant said, "B* * * *, I'm going to get my money from you."

Turner had reported all of these instances to police, but Turner only knew defendant as "Amir." She agreed to a "sting" operation where she would get defendant to talk to her and have her meet Turner at a location. Turner told defendant that if she wanted the $400, she should come to a gas station on JoAnn and Seven Mile. When defendant arrived, Turner identified her and defendant was arrested. No gun, jewelry, or money were recovered.

The jury acquitted defendant of the charges of felonious assault, MCL 750.82, and felony firearm, MCL 750.227b, but found defendant guilty of armed robbery and AWIRA.

People v. Washington, No. 305604, 2012 WL 6178158, at *1-*2 (Mich. Ct. App. Dec. 11, 2012).

Following her conviction and sentence, petitioner filed a claim of appeal in the Michigan Court of Appeals. Her appellate attorney filed a brief raising the following two claims:

> I. Did the insufficient evidence presented during the defendant-appellant's trial to prove beyond a reasonable doubt that the crimes of armed robbery and assault with the intent to rob while armed (AWIRA) were actually committed constitute a denial of the due process of law guaranteed by the Fifth Amendment to the United States Constitution?

> II. Do the sentences of from thirty-two years to fifty years in prison, imposed pursuant to the defendant-appellant's conviction for one count each of armed robbery and AWIRA as a fourth habitual felony offender, constitute a violation of the guarantee against cruel and unusual punishment provided by the United States Constitution and the guarantee against cruel or unusual punishment provided by the Michigan Constitution?

> Petitioner also filed her own pro se supplemental brief raising two additional claims:

> I. Was Ms. Washington denied the effective assistance of counsel when her trial attorney failed to call crucial witnesses at trial?

> II. Did trial counsel render ineffective assistance of counsel where he failed to investigate and admit into evidence surveillance tape that may have supported defendant's claim of actual innocence?

The Michigan Court of Appeals affirmed petitioner's convictions in an unpublished opinion. Washington, 2012 WL 6178158, at *5. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions

presented should be reviewed by the Court. <u>People v. Washington</u>, 829 N.W.2d 204 (Mich. 2013) (table).

## II. Standard of Review

AEDPA, which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. See <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. §' 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); <u>Franklin v. Francis</u>, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, "the state court's [application of federal law] must have been objectively unreasonable." <u>Wiggins</u>, 539 U.S. at 520-21 (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 409, (2000) (internal quotes omitted)).

Additionally, this Court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); see also <u>West v. Seabold</u>, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous") (citation omitted).

-4-

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Williams, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in Harrington v. Richter, 562 U.S. 86 (2011), the Supreme Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

-5-

### III. Discussion

**A. Sufficiency of the Evidence**

Petitioner's first claim asserts there was insufficient evidence to sustain her convictions. Petitioner asserts that the prosecution's case rested entirely on the credibility of the victims, Turner and Hall, whose veracity was so undermined that no reasonable juror could have found her guilty beyond a reasonable doubt. The claim was rejected by the Michigan Court of Appeals on the merits.

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted).

"Two layers of deference apply to the habeas claims challenging evidentiary sufficiency." McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v. Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Brown, 567 F.3d at 205 (citing Jackson, 443 U.S. at 319) (emphasis in original). Second, even if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must

-6-

still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." Id. (emphases in original).

Petitioner maintains that Turner and Hall's accounts of the crimes lacked any credibility. She points to what she refers to as "a plethora of holes, inconsistencies, contradictions and variations, combined with a complete and total absence of testimony from any independent witness." Pet. Brief, p. 29. Petitioner notes that at least three other people were said to have witnessed the crimes or parts of the criminal transactions, but they were not produced by the prosecution. She also notes that no firearms or property were recovered to corroborate the victim's claims.

The fact remains, however, that Turner and Hall testified to all the necessary elements of the crimes. Their testimony was viewed by the jury, who evidently found it credible enough to convince them beyond a reasonable doubt of petitioner's guilt despite the alleged shortcomings.

> A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. Neal v. Morris, 972 F.2d 675, 679 (6th Cir. 1992).

Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003); see also Dillard v. Prelesnik, 156 F. Supp. 2d 798, 805 (E.D. Mich. 2001) (stating that "[d]etermination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review").

In light of the fact that the established Supreme Court standard requires a court reviewing the sufficiency of the evidence to view the evidence most favorably to the prosecution and prohibits it from redetermining the credibility of the witnesses, petitioner has not demonstrated that the Michigan Court of Appeals decision rejecting her claim on

the merits was objectively unreasonable. Habeas relief with respect to this claim is therefore barred under 28 U.S.C. § 2254(d).

**B. Eighth Amendment**

Petitioner's second claim asserts that her 32-to-50 year sentence violates the Eighth Amendment because her criminal history, though containing nine prior felonies, only related to two prior criminal episodes, and because she is a "potentially valuable contributor to society." Pet. Brief, p. 33. Petitioner also notes that neither victim appeared at the sentencing hearing, nor could they be located by the authorities after trial. This claim was also rejected by the Michigan Court of Appeals on the merits.

Under clearly established Supreme Court law, the United States Constitution does not require strict proportionality between a crime and its punishment. See Harmelin v. Michigan, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" Austin v. Jackson, 213 F. 3d 298, 302 (6th Cir. 2000) (internal quotation omitted). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." See United States v. Thomas, 49 F. 3d 253, 261 (6th Cir. 1995).

Petitioner's sentence of 32-to-50 years for armed robbery and assault with intent to commit armed robbery was within the statutory maximum of life imprisonment for the offenses. Thus, the state court acted within its discretion in imposing petitioner's sentence and there is no extreme disparity between petitioner's crime and sentence so as to offend the Eighth Amendment. See, e.g. Chandler v. Jones, 813 F. 2d 773, 779 (6th Cir. 1987)(life sentence imposed pursuant to Habitual Criminals Act upon conviction for third-degree

-8-

burglary not cruel and unusual punishment). The Michigan Court of Appeals' similar conclusion that petitioner's sentence does not violate the Eighth Amendment was not objectively unreasonable. Habeas relief is not warranted on this claim.

### IV. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000). Reasonable jurists could not debate the Court's assessment of Petitioner's claims. The Court therefore DENIES a certificate of appealability.

SO ORDERED.

Dated:  June 2, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 2, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---